**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4313**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILBURN JUNIOR HALE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James P. Jones, District Judge. (2:01-cr-10077-JPJ-PMS-1)

Submitted: December 19, 2019                    Decided: February 12, 2020

Before AGEE, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Roanoke, Virginia, Brian J. Beck, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant. Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilburn Junior Hale appeals the district court's judgment revoking his supervised release and imposing a sentence of 18 months in prison. The probation officer calculated that his policy statement range was 8 to 14 months in prison. The district court sentenced Hale to 18 months in prison, explaining that the sentence was justified "to reflect his breach of trust and also to take into account the seriousness of his present violation in light of his history." On appeal, Hale argues the district court committed procedural error because it based the sentence upon a misstated statutory maximum. We affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b).

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* (citation omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [ (2012) ] factors," *id.* (footnotes omitted); *see* 18 U.S.C. § 3583(e) (2012) (specifying § 3553(a) factors

2

relevant to supervised release revocation). "[A] revocation sentence is substantively reasonable if the court sufficiently state[s] a proper basis for its conclusion that the defendant should receive the sentence imposed," up to the statutory maximum. *Slappy*, 872 F.3d at 207 (internal quotation marks omitted). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *Id.* at 208.

We have reviewed the record and conclude that the district court did not err in sentencing Hale to 18 months in prison. Hale argues that the court misstated the applicable statutory maximum, but the court accurately stated, before announcing the sentence, that it could not impose a sentence beyond the additional period of supervised release that could be imposed. *See* 18 U.S.C.A. § 3583(b)(2), (e)(3) (2002); *United States v. Harris*, 878 F.3d 111, 119 (4th Cir. 2017) (noting that, under the pre-2003 version of 18 U.S.C. § 3583(e)(3), sentencing courts "generally aggregated all post-revocation imprisonment" rather than "start[ing] anew with the statutory maximum without aggregating any post-revocation imprisonment"). Furthermore, Hale's contention that the district court intended to impose a sentence below the statutory maximum is not supported by the record as a whole. Thus, Hale has failed to demonstrate that his sentence is procedurally unreasonable. *See Slappy*, 872 F.3d at 207.

Next, we consider the substantive reasonableness of Hale's revocation sentence. The district court varied upward 4 months from the top of Hale's policy statement range of 8 to 14 months. Our review confirms that Hale's revocation sentence is substantively

3

reasonable, as the district court explained that imposition of the maximum penalty was justified based on Hale's breach of the court's trust. *See id.*

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*